# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGELA MERTZ,<br><br>                    Plaintiff,<br><br>    vs.<br><br>COMMISSION OF SOCIAL SECURITY,<br><br>                    Defendant. | No. 1:16-cv-03124-MKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 13, 15 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 13, 15. The parties consented to proceed before a magistrate judge. ECF No. 7. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion (ECF No. 13) and denies Defendant's motion (ECF No. 15).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant

numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On February 28, 2008, Plaintiff applied for Title II disability insurance benefits alleging an onset date of October 1, 2007. Tr. 309-11. The application was denied initially, Tr. 187-89, and on reconsideration, Tr. 193-95. Plaintiff appeared at a hearing before an Administrative Law Judge (ALJ) on June 10, 2010. Tr. 47-64. On July 15, 2010, the ALJ denied Plaintiff's claim. Tr. 144-58. The Appeals Council remanded Plaintiff's case because the assessed RFC conflicted with medical expert testimony that Plaintiff could only stand and walk an hour at a time up to four hours per day. Tr. 159-62. Plaintiff appeared for a second hearing on February 7, 2012. Tr. 95-112. Again, the ALJ denied Plaintiff's claim. Tr. 163-82. The Appeals Council remanded Plaintiff's case, for consideration of the Washington State Department of Social and Health Services Transmittal Summary of a Medical Disability Decision dated November 7, 2007. Tr. 183-86. Plaintiff appeared for a third hearing before the instant ALJ on June 25, 2014. Tr. 113-41. The ALJ denied Plaintiff's claim on October 27, 2014. Tr. 23-44.

At the outset, the ALJ found that the Plaintiff met the insured status requirements of the Social Security Act through September 30, 2008. Tr. 28. A claimant applying for disability insurance benefits must show that their disability

began before their date last insured. 42 U.S.C. § 423(a)(1)(A). The adjudicative period, therefore, is from the date of alleged disability onset until the date last insured, here from October 1, 2007 to September 30, 2008. Tr. 27.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 1, 2007. Tr. 28. At step two, the ALJ found Plaintiff had the following severe impairments: history of pulmonary emboli; coagulation disorder stable on Coumadin; headaches; right knee patellar chondromalacia and status post two knee surgeries; PTSD; chronic sinusitis exacerbated by tobacco abuse; and hyperthyroidism. Tr. 28. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 29. The ALJ then concluded that Plaintiff had the RFC to perform light work, with the following non-exertional limitations:

> [S]he was able to sit for six hours in an eight-hour day and she was able to stand and/or walk for one hour at a time, for a total of four hours in an eight-hour day. She could never climb ladders, ropes, or scaffolds. She could never kneel or crawl. She was able to occasionally climb ramps and stairs. She was able to occasionally balance, stoop, and crouch. She was able to frequently, but not constantly, operate foot controls. She needed to avoid vibrating tools, machines and vehicles. She needed to avoid hazardous working conditions such as proximity to unprotected heights and moving machinery. She was able to adapt to a predictable work routine with no more than occasional changes. She was able to interact with the public on a superficial basis.

Tr. 30. At step four, the ALJ found that Plaintiff was unable to perform any relevant past work. Tr. 35. The ALJ found at step five that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform within her assessed RFC, such as cashier, office helper, and storage facility rental clerk. Tr. 35-36. On that basis, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act during the adjudicative period. Tr. 36.

On May 10, 2016, the Appeals Council denied review, Tr. 1-6, making the Commissioner's decision final for purposes of judicial review. *See* 42 U.S.C. 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act. ECF No. 13. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly weighed the medical opinion evidence; and

2. Whether the ALJ properly rejected Plaintiff's symptom testimony.

ECF No. 13 at 5.

## ANALYSIS

**A. Medical Opinion Evidence**

Plaintiff faults the ALJ for discounting the medical opinions of Emma Billings Ph.D., Venu Bellum, M.D., and a Washington State DSHS disability approval document.[1]  ECF No. 13 at 15-19.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.* "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of

---

[1] Plaintiff notes that the ALJ assigned Dr. Palmatier's opinion "some weight" however, Plaintiff makes no argument that this was in error.  ECF No. 13 at 15.  Finding no obvious assignment of error or argument regarding Dr. Palmatier's opinion, the Court will not take up this issue.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

*1. Dr. Billings*

Dr. Billings performed a consultative psychological examination on May 12, 2008. Tr. 526-32. She opined that Plaintiff "continues to experience Post Traumatic Stress Disorder symptoms, which do result in anxiety attacks that occur on an occasional basis and interfere with her function for varied periods of time." Tr. 532. Dr. Billings noted that Plaintiff reported her anxiety attacks occur "two to

three times per month and may persist for one hour to all day." Tr. 532. The ALJ gave "significant weight" to Dr. Billings' opinion. Tr. 33.

Plaintiff contends that the ALJ erred in considering Dr. Billings' opinion because he ignored the opined limitation that Plaintiff would have disabling anxiety attacks two to three times per month. ECF No. 13 at 17-18. The ALJ took note of this opined limitation in considering Dr. Billings' opinion. Tr. 33 ("Dr. Billings stated that the claimant had PTSD symptoms, which result in anxiety attacks on an occasional basis and interfere with her function for variable periods of time."). The ALJ's assessed RFC does not include a limitation that would accommodate variable intermittent anxiety attacks multiple times per month. *See* Tr. 30.

At the hearing before the ALJ, a vocational expert testified that an individual with such panic attacks would not be able to maintain employment.[2] Tr. 109.

---

[2] The vocational expert was asked the following question: "Please consider as a separate hypothetical, again assuming the same individual of the claimant's age, education and vocational background, and further assume the individual, due to (sic) would have panic attacks or would not be able to engage in work like activity at unscheduled times from one hour to all day, and this would occur at the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

Here, the ALJ fully credited Dr. Billings' opinion. Tr. 33. The vocational expert testified that if Plaintiff suffered from all of Dr. Billings' opined limitations, particularly panic attacks two to three times per month, she would be unable to maintain competitive employment. Tr. 109. The ALJ's assigned RFC does not incorporate this limitation; nor is it otherwise discounted. *See* Tr. 30. It is error which cannot be considered harmless for the ALJ to fully credit an opinion and fail to incorporate an opined limitation into the RFC which the vocational expert testified would prohibit employment. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error is harmless only when it is "inconsequential to the [ALJ's] ultimate nondisability determination").

Defendant argues that the ALJ did not err in considering Dr. Billings' opinion because Plaintiff self-reported the frequency of her panic attacks and the ALJ properly discounted Plaintiff's symptom testimony. ECF No. 15 at 8-9. However, Defendant asks this Court to assume an argument the ALJ did not make. This Court "cannot affirm the decision of an agency on a ground that the agency

---

frequency of two to three times per month on average, in your opinion would such an individual be able to maintain competitive employment?" Tr. 109. To which, the VE responded: "No. I don't believe so. Not with that potential level of absenteeism and the unpredictable quality of it." Tr. 109.

did not invoke in making its decision." *Pinto v. Massanari,* 249 F.3d 840, 847 (9th Cir. 2001) (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)). Here, the ALJ did not invoke Plaintiff's discounted symptom testimony to dismiss the panic attack limitation in Dr. Billings' opinion. *See* Tr. 33. Therefore, this Court cannot properly overlook Dr. Billings' panic attack limitation based on discounted symptom testimony.

Plaintiff also challenges the ALJ's treatment of Dr. Bellum and a Washington State Department of Social and Health Services (DSHS) Transmittal of Medical Disability form in November 2007. Considering the case is being remanded for the ALJ to properly consider Dr. Billings' opinion, the ALJ is also instructed on remand to readdress the remaining medical source opinions contained in the record.

### B. Credibility Determination

Plaintiff faults the ALJ for failing to provide specific findings with clear and convincing reasons for discrediting her symptom claims. ECF No. 15 at 13-17.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptom alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

"The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester*, 81 F.3d at 834); *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In making an adverse credibility determination, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and her conduct; (3) the claimant's

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

*1. Daily Activities*

The ALJ determined that Plaintiff's reported daily activities including caring for herself and her pets, cleaning the house, gardening, cooking, going to her grandchildren's school functions, and going for short walks were inconsistent with the alleged severity of Plaintiff's symptoms. Tr. 32.

A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict her other testimony, or (2) the claimant "is able to spend a substantial part of [her] day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id*. (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). A claimant need not be "utterly incapacitated" to be eligible for benefits. *Fair*, 885 F.2d at 603.

The ALJ failed to demonstrate how these activities contradicted Plaintiff's other testimony or that she was able to spend a substantial part of her day engaged

in these activities and that they are transferable to a work setting. Therefore, this reason fails to meet the specific, clear and convincing standard.

2. *Limited Treatment*

The ALJ discounted Plaintiff's symptom testimony regarding the limiting effects of headaches and knee pain by finding that she "required limited treatment" for these conditions. Tr. 32.

In assessing a claimant's credibility, the ALJ may properly rely on "'unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)); *Fair*, 885 F.2d at 603. However, disability benefits may not be denied because of the claimant's failure to seek treatment that she cannot obtain for lack of funds. *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995).

Plaintiff asserted that she was uninsured during parts of the relevant time period and therefore could not seek regular medical treatment for headaches or knee pain. ECF No. 13 at 12-13. Defendant concedes that "[t]he record does suggest that [Plaintiff] discontinued treatment due to financial concerns." ECF No. 15 at 17 (citing Tr. 595). As the ALJ may not properly consider failure to seek treatment that Plaintiff cannot afford, Plaintiff's limited treatment is not a specific, clear and convincing reason to reject Plaintiff's credibility.

### 3. Inconsistent with Medical Record

In discrediting Plaintiff's symptom claims, the ALJ found that the objective medical evidence did not support the degree of physical or psychiatric limitation alleged by Plaintiff. Tr. 31. Medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); 20 C.F.R. § 416.929(c)(2); *see also* S.S.R. 96-7p.[3] However, it cannot serve as the sole reason for rejecting a claimant's credibility. *Rollins*, 261 F.3d at 857.

As discussed above, the two other reasons the ALJ provided for finding Plaintiff less than fully credible failed to meet the specific, clear and convincing standard. Therefore, under *Rollins* this reason cannot stand alone to support an adverse credibility determination. Moreover, because the medical evidence was not properly evaluated, on remand the ALJ should also reconsider the credibility finding.

---

[3] S.S.R. 96-7p was superseded by S.S.R. 16-3p effective March 16, 2016. The new ruling also provides that the consistency of a claimant's statements with objective medical evidence and other evidence is a factor in evaluating a claimant's symptoms. S.S.R. 16-3p at *6. Nonetheless, S.S.R. 16-3p was not effective at the time of the ALJ's decision and therefore does not apply in this case.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16

**REMEDY**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); s*ee also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. As discussed *supra*, the ALJ failed to include all of Dr. Billings' opined limitations, although the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 17

ALJ purported to fully credit the opinion. Here, the ALJ also credited the opinions of Dr. Bailey and Dr. Gentile, who opined that Plaintiff had no mental health impairment limiting her ability to work. There appears to be a conflict in the medical evidence such that further review by the ALJ is required. Further proceedings are necessary for the ALJ to properly consider the medical opinions, properly determine Plaintiff's credibility regarding her symptom reporting, and formulate a new RFC.

## CONCLUSION

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (ECF No. 13) is **GRANTED in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. Defendant's motion for summary judgment (ECF No. 15) is **DENIED.**

The District Court Executive is directed to file this Order, enter **JUDGMENT FOR THE PLAINTIFF**, provide copies to counsel, and **CLOSE THE FILE.**

DATED this 22nd day of June, 2017.

>             *s/Mary K. Dimke*
>             MARY K. DIMKE
> UNITED STATES MAGISTRATE JUDGE